FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| ███████, **Plaintiff,** v. **THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,** **Defendants.** | Civil Action No. 1:25-CV-_____ |
|---|---|

## VERIFIED COMPLAINT

Plaintiff ███████ ("███████" or "Plaintiff"), by its undersigned counsel, alleges as follows for its Verified Complaint against Defendants in Schedule "A" ("Defendants".)

### NATURE OF THIS ACTION

1. ███████ brings this action against Defendants pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, 285 & 289 inclusive, for infringement of one or more claims of U.S. Patent No. US ███████ ("the Patent-in-Suit") titled "███████". The Patent-in-Suit protects a design for a ███████, the design features unique ███████ ███████. A true and correct copy of the Patent-in-Suit is attached as Exhibit A.

### THE PARTIES

2. Plaintiff is a resident of the People's Republic of China and maintains a principal place of business at ███████████████████████████████████████████████████████████████████████████████████████.

3. Plaintiff is the sole owner of the Patent-in-Suit with all right to enforce its design.

FILED UNDER SEAL

4. Defendants identified in Schedule "A" are all believed to be individuals, companies, and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. Defendants sell Infringing Products on the Amazon.com internet retail platform. Since Amazon.com does not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true names, identities, and addresses of Defendants are currently unknown.

5. Defendants conduct their operations through fully interactive commercial websites hosted on various Amazon.com storefront webpages ("Infringing Online Storefronts"). Each Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell Infringing Products that embody and infringe the Patent-in-Suit, to consumers within the United States, including the State of Virginia. For example, the Infringing Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime Delivery vehicle in this District.

6. Through their operation of the Infringing Online Storefronts, Defendants directly and personally engaged in the importation, offer for sale, and sale of Infringing Products as alleged, often as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the laws of the United States,

FILED UNDER SEAL

35 U.S.C. §271 et seq.

8. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

9. Defendants from outside the United States have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

10. This Court has Personal jurisdiction over non-U.S. based Defendants because they have supplied their products into this District and under the Federal Long Arm Rule, FRCP 4(k)(2).

> (k) Territorial Limits of Effective Service (2) Federal Claim Outside State-Court Jurisdiction. For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

11. Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against non-U.S. based Defendants in any judicial district in any state to which it is subject to personal jurisdiction.

12. This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the State of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous

FILED UNDER SEAL

and systematic business in this District, including by providing Infringing Products and services to the residents of the Eastern District of Virginia through fully interactive websites that allow Infringing Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Infringing Products would be used within this District, and have solicited business from the residents of the Eastern District of Virginia using the Amazon.com e-commerce platform.

## BACKGROUND AND GENERAL ALLEGATIONS

13. Plaintiff relies on the innovation and quality of its products for its reputation and sales. Plaintiff's products are sold worldwide including in commerce in the United States. Plaintiff manufactures and sells ▮▮▮▮▮ products that are protected by, and embody the Patent-in-Suit on online platforms to U.S. customers. Plaintiff advertises and sells its ▮▮▮▮▮ to authorized Amazon.com sellers. Plaintiff has experienced substantial sales and growth due to the innovative and unique design of the ▮▮▮▮▮. The following is an image of one of Plaintiff's ▮▮▮▮▮ for sale by authorizes sellers on Amazon.com.

FILED UNDER SEAL



14. Specifically related to this action, Plaintiff applied for and was granted the Patent-in-Suit which protect a design for a ███████████████████████████████████████ ████.

15. Plaintiff directly sells, domestically and internationally, including within the Eastern District of Virginia, the ████████ products ("Plaintiff's Products") that are commercial embodiments made under and protected by the Patent-in-Suit. As a result of the success of Plaintiff's Products, Defendants have flooded the online market with sales of Infringing Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed any party named in this action to import, offer to sell, or sell products made the embody the design of the Patent-in-Suit.

16. Plaintiff maintains quality control standards for all of its products sold under the Patent-in-Suit. Genuine Plaintiff's Products are sold directly by Plaintiff to consumers through online sales platforms on Amazon.com. Prior to the flood of Infringing Products entering the market, sales of Plaintiff's Products represented a significant portion of Plaintiff's business.

17. Upon information and belief, the Infringing Products are manufactured by factories based in China and sold wholesale to manufacturers that ████████ and sell the final products either directly or through China-based e-commerce Internet Online Storefronts. For example, sellers on Amazon.com purchase Infringing Products in bulk from a factory and sell on Infringing Online Storefronts accessible to US consumers.

## THE PATENT

18. On ▓▓▓▓▓▓▓▓, United States Patent No. US ▓▓▓▓▓▓▓ ntitled "▓▓▓▓▓▓▓▓" was duly and legally issued by the Unites States Patent and Trademark Office. The Patent-in-Suit is valid and enforceable. Plaintiff is the exclusive owner of the Patent-in-Suit and has the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the Patent-in-Suit. Defendants are not licensed to the Patent-in-Suit, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the Patent-in-Suit whatsoever.

19. The Patent-in-Suit is presumed valid under 35 U.S.C. § 282.

20. The Patent-in-Suit protects a design for a ▓▓▓▓▓▓▓▓.

21. Figures 5 and 6 of the Patent-in-Suit illustrate embodiments of the ▓▓▓▓▓▓▓▓ product:

## INFRINGEMENT

22. Defendants each manufacture, import, offer to sell, and sell various ▮▮▮▮▮. These devices are sold on Amazon.com using Infringing Online Storefronts. (See **Exhibit C** attached to the Complaint)

23. Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, Patent-in-Suit by making, using, testing, selling, offering for sale and/or importing into the United States the Infringing Products.

24. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Infringing Products infringe the Patent-in-Suit, directly or by the doctrine of equivalents. The Infringing Products are all battery boxes.

25. Each Accused Product is a ▮▮▮▮▮ that includes all of the claimed elements of the claim of the Patent-in-Suit.

26. **Exhibit C** contains exemplary claim charts and examples that demonstrate the correspondence of the Infringing Products with the Patent-in-Suit. The charts are submitted as examples of each of the ▮▮▮▮▮ products of Defendants that all include claimed elements. Plaintiff reserves the right to modify and supplement the charts as discovery progresses and/or products are introduced or removed from the market and as part of Plaintiff's infringement contentions.

27. Defendants have continued infringement.

28. Defendants have infringed, and continue to infringe the Patent-in-Suit under 35 U.S.C. § 271(a) by making, using, offering to sell, selling and importing into the United States, devices that infringe the asserted claim in the United States. Defendants continue to manufacture, use, offer to sell, sell and/or import Infringing Products.

FILED UNDER SEAL

29. Upon information and belief, the Defendants have directly infringed the claim of the Patent-in-Suit under 35 U.S.C. § 271(a):

> (a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing Infringing Products in the United States. Defendants continue to infringe the claim of the Patent-in-Suit.

30. Defendants do not have a license or authority to import, make, use, or sell goods under the Patent-in-Suit.

31. As a result of Defendants' infringement of the Patent-in-Suit, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

32. Defendants, without authorization or license from Plaintiff, continue to infringe the claim of the Patent-in-Suit in connection with the advertisement, offer for sale, and sale of the Infringing Products, through, *inter alia*, the Internet. Each Infringing Online Storefront offers shipping to the United States, including Virginia, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Infringing Products via Amazon.com.

33. Defendants have been willfully infringing the Patent-in-Suit since at least as early as they became aware of the Patent-in-Suit. On information and belief, the Defendants have no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have

FILED UNDER SEAL

intentionally continued their knowing infringement.

34. Many sellers on the Online Storefronts go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Online Storefronts. For example, on information and belief, Defendants regularly create new Online Storefronts on Amazon.com using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Online Storefronts from being disabled.

35. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Infringing Products that infringe upon the Patent-in-Suit unless preliminarily and permanently enjoined.

36. Plaintiff has no adequate remedy at law.

## COUNT 1
## DIRECT INFRINGEMENT OF U.S. PATENT NO. D759,590

37. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

38. Defendants have infringed, and continue to infringe directly the Patent-in-Suit under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Infringing Products in the United States.

39. Neither Defendants nor their customers have a license or authority to use the Patent-in-Suit.

40. As a result of Defendants' infringement of the Patent-in-Suit, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable

royalty.

41. As a result of Defendants infringement, Plaintiff's ability to negotiate favorable license agreements is irreparably damaged for having to complete with the unlicensed infringing use of its patented design. This invariably diminishes the value of Plaintiff's patented design. One exemplary authorized seller of Plaintiff's ▉▉▉▉ on Amazon.com is the store ▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉). The continued infringement of Plaintiff's design ruins his reputation and makes him unable to enter into favorable license agreements.

42. Defendants will continue to register or acquire listings for the purpose of selling Infringing Products that infringe upon the Patent-in-Suit unless preliminarily and permanently enjoined.

43. The Defendants have infringed the Patent-in-Suit through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

44. Defendants' infringement of the Patent-in-Suit has been willful under 35 U.S.C. § 284.

**PRAYER FOR RELIEF**

For a judgment declaring that Defendants have infringed the Patent-in-Suit;

For a judgment declaring that Defendants' infringement of the Patent-in-Suit has been willful;

11

For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the Patent-in-Suit in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

using the claim of the Patent-in-Suit in connection with the distribution, advertising, offer for sale, and/or sale of merchandise not the genuine products of the Plaintiff;

committing any acts calculated to cause consumers to believe that Defendants' Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

from further infringing the Plaintiff's patent rights;

shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Designs or any reproductions, counterfeit copies, or colorable imitations thereof;

using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Online Storefronts, listings, or any other domain name that is being used

FILED UNDER SEAL

to sell or is the means by which Defendants could continue to sell Infringing Products infringing the Patent-in-Suit;

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

| | |
|---|---|
| Date: December 24, 2025 | Respectfully submitted,<br>  /s/  Erik N. Lund<br>Erik N. Lund<br>elund@dnlzito.com<br>Joseph J. Zito (*pro hac pending*)<br>jzito@dnlzito.com<br>Tel. (202) 466-3500<br>Robert B. Cadle (*pro hac pending*)<br>rcadle@dnlzito.com<br>Tel. (202) 763-5086<br><br>DNL ZITO<br>1250 Connecticut Avenue, NW<br>Suite 700<br>Washington, DC 20036<br>Fax: (703) 997-7534<br><br>*Attorneys for Plaintiff* |

Verified by: ▮▮▮▮▮▮▮▮▮▮
      For: ▮▮▮▮
Plaintiff / Patent Owner