IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FANG WANG,

      Plaintiff,

v.                                                                          Civil Action. No.  2:25-cv-836

THE UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE A,

      Defendants.

## MEMORANDUM OPINION AND ORDER

An *ex parte* temporary restraining order is an extraordinary remedy which should never be granted lightly. It can drastically affect the fortunes and conduct of parties who, by definition, have no advance notice or opportunity to be heard by the Court. Because of this, Rule 65(b) of the Federal Rules of Civil Procedure requires that a motion for such relief meet a stringent and procedurally demanding test. Before seeking such relief, any movant must seek to satisfy the procedural requirements of Rule 65(b) and the four preliminary injunction factors set out in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008). As demanding as it is, this test is not an elusive or mysterious one, nor should it be difficult for a plaintiff and its counsel to locate or, in most instances, apply to the circumstances of a case.

Nonetheless, counsel for Plaintiff has, in this case and others, requested extraordinary, *ex parte* injunctive relief from this Court without first seeking to satisfy the procedural requirements of Rule 65(b) or the dictates of *Winter*. Plaintiff owns U.S. Patent No. D759,590 ("the '590 Patent") which is a design patent for a battery case. Dkt. No. 2 ¶ 1; Dkt. No. 2-1. Plaintiff alleges that Defendants are foreign individuals or companies that sell infringing battery cases on Amazon, causing irreparable damage to Plaintiff's intellectual property rights. *Id.* ¶¶ 5, 13, 15;

Dkt. No. 25, at 1 n.1. Plaintiff filed an *ex parte* Amended Motion for a Temporary Restraining Order, asking the Court to freeze all activity associated with the sale of the accused battery cases and to freeze any money held in Defendants' Amazon accounts. Dkt. No. 24. Absent such action, Plaintiff asserts that Defendants will transfer all funds from their U.S.-based Amazon accounts to accounts outside the reach of the Court. The Court denied Plaintiff's Motion following a hearing, concluding that on the record before it as presented by Plaintiff's counsel, the Court could not ensure the pleadings complied with the procedural and substantive requirements such extraordinary relief demands. Dkt. No. 30. The Court now issues this Memorandum Opinion to articulate its reasoning.

## I.   LEGAL STANDARD

The Patent Act grants district courts discretion to grant or deny injunctive relief in the context of patent infringement litigation. *See* 35 U.S.C. § 283. An *ex parte* temporary restraining order ("TRO") is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. In patent cases, the law of the Federal Circuit governs the issuance of a preliminary injunction. *See Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 n.12 (Fed. Cir. 1988); *see also Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC*, 708 F. Supp. 2d 527, 531–32 (D. Md. 2010). However, when "deciding procedural issues not affecting substantive patent law principles, . . . the law of the regional circuit," here, the Fourth Circuit, governs. *In re Cygnus Telecomm. Tech., LLC, Patent Litig.*, 536 F.3d 1343, 1351–52 (Fed. Cir. 2008); *see Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 549 (E.D. Va. 2004).

Before a court can issue a TRO without notice to an adverse party, certain procedural conditions must be satisfied. *See* Fed. R. Civ. P. 65(b). First, the movant must provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable

injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" *Id.* at (b)(1)(A). Second, the movant's attorney must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.* at (b)(1)(B). These procedural requirements "'are not merely technical niceties that a court may easily disregard, but rather are crucial safeguards of due process.'" *Defend Arlington v. United States*, No. 1:23-cv-1730, 2023 WL 8788956, at *5 (E.D. Va. Dec. 19, 2023) (quoting *Tchienkou v. Net Tr. Mortg.*, No. 10-23, 2010 WL 2375882, at *1 (W.D. Va. June 9, 2010)).

In addition to satisfying these procedural safeguards, "[a] plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375–76 (Fed. Cir. 2009) (quoting *Winter*, 555 U.S. at 20) (citation modified).[1] The party seeking injunctive relief bears the burden of showing he is entitled to it. *Reebok Intern., Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1555 (Fed. Cir. 1994). Though courts must weigh each factor, the first two—likelihood of success and irreparable harm—are "central to the movant's burden" and courts "may decline to issue a preliminary injunction if the movant does not prove either of these factors." *Jeneric/Pentron, Inc. v. Dillon Co., Inc.*, 205 F.3d 1377, 1380 (Fed. Cir. 2000) (citation modified).

## II.    ANALYSIS

### A. Plaintiff has failed to comply with Rule 65(b)(1)'s procedural requirements

Plaintiff satisfies the first procedural hurdle, requiring a verified complaint. Plaintiff fails, however, to satisfy Rule 65(b)'s attorney certification requirement. Rule 65(b)(1)(B) requires a

---

[1]    The standard for obtaining a TRO is the same as a preliminary injunction. *See e.g.*, *Commonwealth of Virginia v. Kelly*, 29 F.3d 145, 147 (4th Cir. 1994) (applying preliminary injunction standard to a request for a TRO).

movant's attorney to certify both—(1) "any efforts made to give notice" and (2) "the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B).

Plaintiff does not provide a separate attorney certification articulating counsel's efforts to give notice to the Defendants and the reasons why notice should not be required. Instead, Plaintiff suggests that absent the relief sought, "foreign defendants will have not only a strong incentive, but the opportunity to move any assets away from their seller accounts to external foreign bank accounts outside the jurisdiction of this and other U.S. courts," Dkt. No. 25, at 10, and "can and likely will modify content, change hosts and platforms, and move any assets from U.S.-based Amazon accounts to accounts outside the reach of this Court," *id.* at 13. Plaintiff further argues "[i]t is a virtual certainty that if the Defendants learn about this action before the requested relief is granted, they will expeditiously transfer all funds from their online seller accounts, thereby disrupting the status quo and denying Plaintiff a means to collect upon any judgment." *Id.* at 21.

These arguments do not appear to be directed at satisfying Rule 65(b)(1)(B)'s certification prong but rather Rule 65(b)(1)(A)'s immediate and irreparable harm prong. While the Court can certainly anticipate that these reasons also support the argument that notice should not be required, Plaintiff's counsel does not make this argument or even cite Rule 65(b)(1)(B) in his memorandum. Additionally, Plaintiff's counsel neither certifies nor refers in his memorandum that he has made any effort to give notice to Defendants. These deficiencies—standing alone—are sufficient to deny Plaintiff's motion.

Remarkably, this is not the first time Plaintiff's counsel has been advised of this type of deficiency. In *Heshan Jiahojia Sanitary Ware Industry, Co. v. Uninc. Ass'ns Identified in Schedule A*, a design patent infringement case filed in the Eastern District of Virginia, a different plaintiff also sought a TRO, raising nearly identical arguments as raised here. No. 3:25-cv-845,

4

2025 WL 3006037, at *2 (E.D. Va. Oct. 27, 2025). Plaintiff was represented by DNL Zito, the same firm as Plaintiff here. The district judge in *Heshan* conducted essentially the same analysis as conducted above, noting that "courts in this district have routinely held" that failure to comply with the procedural requirements of Rule 65 are independent grounds for denial. *Id.* at *3. Just two months after the *Heshan* opinion issued, counsel of record for Plaintiff filed a substantially similar motion in the instant case seeking extraordinary injunctive relief without addressing any of the deficiencies previously noted.

As noted, Plaintiff's failure to comply with the procedural requirements of Rule 65(b) is basis enough to deny Plaintiff's request for a TRO. The Court, however, will also consider the substance of Plaintiff's motion.

### B. Plaintiff is not entitled to a TRO because it has not demonstrated it is likely to suffer irreparable harm

Given that injunctive relief constitutes such an extraordinary remedy, Plaintiff must show it is *likely*—not just merely possible—that it will suffer irreparable harm. *See Mike's Train House*, 708 F. Supp. 2d at 532; *see also MicroAire Surg. Instruments, LLC v. Anthrex, Inc.*, 726 F. Supp. 2d 604, 635 (W.D. Va. 2010) ("Because the burden of proving irreparable harm is on [the plaintiff] as the patentee seeking the preliminary injunction, so too does it fall on [the plaintiff] 'to demonstrate that its potential losses cannot be compensated by monetary damages.'" (quoting *Automated Merch. Sys., Inc. v. Crane Co.*, 357 Fed. App'x 297, 301 (Fed. Cir. 2009))). Plaintiff must also show "a causal nexus between the alleged infringement and the alleged harm." *Metalcraft of Mayville, Inc. v. The Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017).

At this stage, "irreparable harm consists of harm that could not be sufficiently compensated by money damages or avoided by a later decision on the merits." *Canon, Inc. v. GCC Int'l, Ltd.*, 263 Fed. App'x 57, 62 (Fed. Cir. 2008) (citation omitted). "Irreparable harm is

5

generally suffered 'when monetary damages are difficult to ascertain or are inadequate,' and in the patent context, money damages will not necessarily be adequate to make the patentee whole." *MicroAire*, 726 F. Supp. 2d at 634 (first quoting *Multi-Channel TV Cable Co. v. Charlottesville Quality Cable Operating Co.*, 222 F.3d 546, 551 (4th Cir. 1994); and then citing *High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995)). However, despite courts having "repeatedly upheld the right of a patentee to a preliminary injunction and sometimes spoken of the possible inadequacy of money damages, there is no *presumption* that money damages will be inadequate in connection with a motion for an injunction pendente lite. Some evidence and reasoned analysis for that inadequacy should be proffered." *Nutrition 21 v. United States*, 930 F.2d 867, 871–72 (Fed. Cir. 1991).

Plaintiff generally asserts two arguments as to irreparable harm. First, Plaintiff argues that without a TRO, Defendants will transfer assets out of the country, depriving Plaintiff of a means to collect a judgment. Dkt. No. 25, at 21. Second, Plaintiff argues that without injunctive relief, Plaintiff will suffer lost sales, reduced market share, erosion of market visibility, loss of pricing power and exclusivity, and harm to reputation and goodwill. *Id.* at 15–18. For support, Plaintiff relies on the declaration of Fang Wang, the '590 Patent's inventor, Dkt. No. 25-1, and Plaintiff's Verified Complaint, Dkt. No. 2. However, both consist largely of legal conclusions and neither present sufficient evidence from which this Court can find that Plaintiff will likely suffer irreparable harm without injunctive relief or that a causal nexus exists between the harm and the alleged infringement. The Court addresses both of Plaintiff's arguments in turn below.

a. Removal of assets

Plaintiff first argues that "[i]t is a virtual certainty that if any of Defendants learn about this action before the requested relief is granted, [they] will expeditiously transfer all funds from their online seller accounts, thereby disrupting the status quo and denying Plaintiff of a means to

collect upon any judgment. . . ." Dkt. No. 25, at 21. Plaintiff also argues that "Defendants operate pseudo-anonymously in order to evade enforcement actions and, . . . are able to transfer assets outside of a court's reach." *Id.* at 8. Plaintiff suggests that a TRO is warranted here because without an injunction, "Defendants will be free to continue to sell throughout the pendency of this action and remove the proceeds of those sales from the Court's jurisdiction." *Id.* While it is true that the Amazon platform makes it possible that a Defendant could remove assets held in an Amazon-user account from the Court's jurisdiction, Plaintiff offers no evidentiary support for these generalized arguments. And having reviewed Plaintiff's Verified Complaint and Wang's Declaration, the Court cannot discern any basis in fact on which Plaintiff can rely to support its conclusions.

Importantly, Plaintiff represents that the likelihood that all defendants will transfer funds out of their online seller account is a "virtual certainty." *Id.* at 21. The Court understands this term to mean that an event is all but certain to occur or nearly inevitable. *Virtual* and *Certainty*, Collins English Dictionary (14th ed. 2024). Accordingly, Plaintiff argues that it is all but certain that without injunctive relief, all defendants will transfer all the money out of their online accounts leaving Plaintiff without a meaningful ability to recover a future potential judgment. But despite this representation, it appears that at least some defendants in these cases do not act as Plaintiff's motion predicts. For example, in *Guangdong Aoyun Tech. Co., Ltd. v. Sweetful*, a similar matter also pending before the undersigned in which no TRO was entered, two parties appeared and answered and counsel for Plaintiff represented that it was able to settle with a portion of the defendants. Civ. No. 2:25-cv-477 (E.D. Va. filed Dec. 8, 2025), Dkt. Nos. 46, 47, 82. Additionally, after reviewing the docket in another case pending before this Court involving Plaintiff's counsel, *see Li v. Uninc. Ass'ns Identified in Schedule A*, Civ No. 3:25-cv-47 (E.D. Va. filed Jan. 21, 2025), of more than sixty defendants, twenty-four settled without the entry of a

TRO, suggesting some means of collection was available. *See also Hashan*, 2025 WL 3006037, at \*2 n.5 (noting that one defendant appeared and filed responsive pleading prior to entry of a TRO). The procedural outcomes of these cases demonstrate that it is not in fact a virtual certainty that absent injunctive relief Defendants will empty their accounts leaving Plaintiffs with no means of recovery. Instead, the outcomes of these cases show the opposite and are material, albeit adverse, factual information which counsel for Plaintiff is required to make the Court aware.[2]

The burden of proving a likelihood of irreparable harm rests with Plaintiff. Here, Plaintiff's counsel continues to bury their head in the sand, ignore their prior experience in this Court, and offer the same unsupported arguments alleging irreparable harm. For this reason, the Court cannot find that Plaintiff has carried its burden to warrant injunctive relief.

### b. Loss of sales, market share, exclusivity, reputation, and goodwill

Next, Plaintiff argues that "[t]he extent of the harm to Plaintiff's reputation and goodwill and the possible diversion of customers due to loss in brand confidence are . . . irreparable and incalculable." Dkt. No. 25, at 16. Plaintiff further argues that "Defendants are selling their infringing products on Amazon.com, some at a lower price than the Plaintiff charges for its patented version."[3] *Id.* Finally, Plaintiff argues that "Defendant's infringement of the '590 Patent is likely to continue to cause consumer confusion with Plaintiff's products, resulting in harm to Plaintiff's reputation and loss of associated goodwill." *Id.* at 17. Related to each of the

---

[2]     Plaintiff's argument on this point also implicates counsel's duty of candor to the tribunal. *See* Va. Rules of Prof'l Conduct R. 3.3(c) ("In an *ex parte* proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer which will enable the tribunal to make an informed decision, whether or not the facts are adverse.").

[3]     Plaintiff also argues its "online sales are impacted[,] as well as the rankings and visibility of its stores, which causes significant loss of sales and profits and which cannot be easily or readily repaired, if ever." Dkt. No. 25, at 4. For support, Plaintiff cites Wang's Declaration. However, Wang's Declaration does not address this alleged drop in rankings or sales.

allegations, Plaintiff cites various cases that recognize these types of harms but offers no *evidence* to support its position.

To the extent Plaintiff relies on Wang's declaration, Plaintiff fares no better. Wang asserts:

> 6.    As a result of the success of my battery case products, the Defendants . . . have flooded the online market with sales of infringing products in violation of my intellectual property rights.
>
> 7.    As a result of Defendants['] continued infringement, I have been irreparably harmed in the following ways:
>
>> i. I have lost the ability to control and enforce my patented design.
>>
>> ii. I have lost the ability to enter into favorable license agreements with other Amazon stores due to Defendants['] competing and ongoing use.
>>
>> iii. The value of my patent has been diminished as a result of Defendants['] competing and ongoing use of my patented design.
>>
>> iv. My reputation and goodwill has been diminished as a result of Defendants['] competing and ongoing unauthorized use of my patented design.
>>
>> v. Unless enjoined, I am unlikely to ever recover damages due to pseudo-anonymous nature of Defendant[s'] continued infringement.
>
> . . .
>
> 10.    The extent of harm to my reputation and good will as inventor of the '590 Patent is largely unquantifiable and will continue to cause me harm for which monetary compensation will not suffice.
>
> 11.    When Defendants use the '590 Patent without authorization, the exclusivity of my products, as well as my reputation, are damaged, eroded and result in a loss of unquantifiable future sales.

Dkt. No. 25-1 ¶¶ 6, 7, 10, 11.

Plaintiff also relies on the following assertions contained in its Verified Complaint:

> Prior to the flood of [i]nfringing [p]roducts entering the market, sales of Plaintiff's [p]roducts represented a significant portion of Plaintiff's business.
>
> Plaintiff's ability to negotiate favorable license agreements is irreparably

damaged for having to complete [sic] with unlicensed infringing use of its patented design. This invariably diminishes the value of Plaintiff's patented design. . . . The continued infringement of Plaintiff's design ruins his reputation and makes him unable to enter into favorable license agreements.

Dkt. No. 2 ¶¶ 16, 41.

Wang's statements in his Declaration and the assertions in Plaintiff's Verified Complaint are mere conclusions and do not provide the Court any information by which it can determine that Plaintiff will likely suffer irreparable harm without an injunction and that a causal nexus exists between the alleged harm and the alleged infringement. Surprisingly, many of the allegations appear to relate to facts which should be readily available to Plaintiff, such as the impact on licensing agreements or the price of Plaintiff's product. Yet Plaintiff has failed to provide basic factual information such as when Defendants entered the online market with their allegedly infringing products; the price of Defendants' alleged infringing products; the price of Plaintiff's patented product and whether there have been any changes in price since Defendants' entry into the market; any evidence regarding sales that have been diverted to the allegedly infringing products; evidence of customer confusion; changes, if any, of Plaintiff's Amazon ranking related to Defendants' entry into the market; or any other piece of information which would allow this Court to connect the dots between the alleged infringement and the alleged harm caused. As this Court has previously recognized, while "harms to a party's market share, reputation, and workforce constitute irreparable injury[,] [s]till, the party must submit concrete evidence to support such claims." *EZ-Ink, Inc. v. Brother Indus., Ltd.*, No. 2:21-cv-564, 2021 WL 7909312, at *9 (E.D. Va. Dec. 9, 2021) (internal citations omitted). Only Plaintiff can provide such evidence to the Court, and the Court can only assume that information concerning changes in sales data, price data, market share, and consumer ranking are within Plaintiff's

possession.[4] Although the Court is somewhat sympathetic to Plaintiff's position, in that it is certainly conceivable that it might suffer real harms that a temporary restraining order could prevent, without some evidentiary support and reasoned analysis, the Court cannot award such extraordinary relief.

Plaintiff has failed to carry its burden that it has suffered irreparable harm. Accordingly, the Court need not analyze the other *Winter* factors. *See Polymer Techs., Inc. v. Bridwell*, 103 F.3d 970, 973–74 (Fed. Cir. 1996) ("A trial court need not make findings concerning the third and fourth factors if the moving party fails to establish either of the first two factors.") (citation modified).

## IV.    CONCLUSION

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

_____ /s/

Elizabeth W. Hanes
United States District Judge

Norfolk, Virginia
Date: <u>August 12, 2026</u>

---

[4]    In fact, counsel for Plaintiff has produced this type of evidence in other filings before the Court in similar cases. *See Guangdong*, Civ. No. 2:25-cv-477 (E.D. Va. filed Dec. 8, 2025), Dkt. No. 67; *see Ningbo Wentai Sports Equip. Co. v. Uninc. Ass'ns Identified in Schedule A*, Civ. No. 2:25-cv-417 (E.D. Va. filed July 7, 2025), Dkt. No. 63.